United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAUL MAZUR,

        Plaintiff,

  v.

PACIFIC TELESIS GROUP
COMPREHENSIVE DISABILITY
BENEFITS PLAN, et al.,

        Defendants.

        /

No. C 07-01904 JSW

**ORDER GRANTING PLAINTIFF'S MOTION TO CONDUCT DISCOVERY**

Now before the Court is Plaintiff's motion to conduct discovery. The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for February 29, 2008 is HEREBY VACATED. Having considered the parties' pleadings and the relevant legal authority, the Court hereby grants Plaintiffs' motion to conduct discovery.

Plaintiff brings this motion to conduct discovery regarding defendant Pacific Telesis Group Comprehensive Disability Benefits Plan ("Pacific Telesis Plan"), a program within a larger entity, defendant AT&T Umbrella Benefit Plan No. 1 ("Umbrella Plan")'s conflict of interest. Plaintiff argues that there was an apparent conflict of interest because AT&T Inc. ("AT&T") acted as both the funding source and the administrator of the ERISA plan. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 965 (9th Cir.2006) ("an insurer that acts both as the plan administrator and the funding source for the plan operates under what may be termed a structural conflict of interest"). The court in *Abatie* directed courts to weigh a conflict

of interest as a factor in abuse of discretion review on a case-by-case basis. *Id*. at 968. Under *Abatie*, based on all the facts and circumstances, districts courts are to "decide in each case how much or how little to credit the plan administrator's reason denying insurance coverage." *Id*. In determining how much weight to give a conflict of interest under the abuse of discretion standard, courts may consider evidence outside the administrative record. *Id*. at 970 ("The district court may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest; the decision on the merits, though, must rest on the administrative record once the conflict (if any) has been established by extrinsic evidence or otherwise."); *see also Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 949-50 (9th Cir. 2007).

In *Welch*, the court implicitly held that a plaintiff may conduct discovery in order to show a conflict of interest. In reviewing the district court's determination of attorney's fees, the Ninth Circuit stated that, "[b]ecause an ERISA plaintiff may be permitted to supplement the administrative record with evidence of a conflict of interest on the part of the defendants, ... *some* discovery aimed at demonstrating a conflict of interest may have been appropriate." *Id*. at 949-50 (emphasis in original); *see also Gullidge v. Hartford Life & Accident Ins. Co.*, 501 F. Supp. 2d 1280, 1283 (C.D. Cal. 2007) (citing *Welch* for the proposition that conducting discovery regarding whether a conflict of interest existed is appropriate).

Here, Plaintiff contends that there is a conflict of interest because Defendants both administered and funded the Pacific Telesis Plan. Defendants counter that there is no conflict because there are "structural mandates in place to isolate the fiduciary decision maker from the funding source." (Opp. at 1.) AT&T has an agreement with Sedwick Claims Management Services, Inc. ("Sedwick") which provides that Sedwick shall serve as the claims administrator for the Pacific Telesis Plan. (Opp. at 4; *see also* Supplemental Declaration of Michael S. Henderson ("Suppl. Henderson Decl."), Ex. C.) The Ninth Circuit has not addressed whether a structural conflict of interest can be eliminated by contractually delegating authority to a third-party administrator. In *Nord v. Black & Decker Disability Plan*, 296 F.3d 823 (9th Cir. 2002), *rev'd on other grounds*, 538 U.S. 822 (2003), although the defendant delegated administration

of the plan to a third-party, the third-party administrator merely processed the claims and made recommendations as to whether to grant or deny benefits. *Id*. at 828-29 n. 6. The defendant made the final disability determination after receiving the recommendation. *Id*. Moreover, the defendant admitted that it acted as both the funding source and the plan administrator. *Id*. at 828. In *Eley v. Boeing*, 945 F.2d 276, 279 (9th Cir. 1991), the court specifically declined to address whether the defendant's contract with a third-party to administer the plan mitigated any potential conflict of interest.

Only one district court in the Ninth Circuit has considered this specific issue. *See Wallace v. Intel Corp.*, 2006 WL 27909839 (D. Ariz. Sept. 20, 2006). The court in *Wallace* found that although the defendant had contracted with a third-party to administer the plan, the defendant still had a financial influence over the third-party administrator under the contract which rendered the third-party susceptible to the taint of the defendant's conflict. *Id*. at *6. Therefore, the court concluded that the company's delegation of claims administration responsibilities was insufficient to negate a structural conflict outright, but was a significant factor in assessing the impact of that conflict under *Abatie*. *Id*.

Upon review of the contract between AT&T and Sedgwick, the Court concurs with *Wallace* and finds that Defendants' delegation of administration responsibilities is insufficient to completely negate the existence of a structural conflict. Although Defendants appear to delegate the decision as to whether to provide disability benefits under the Pacific Telesis Plan, Defendants retain oversight over and provide financial incentives to encourage Sedwick to administer the plan to Defendants' satisfaction. (Suppl. Henderson Decl., Ex. C.) Therefore, the Court finds that discovery into the existence and scope of the conflict, as well as discovery regarding the nature, extent, and effect of the conflict on the decision making process in accordance with *Abatie* is appropriate. Accordingly, the Court HEREBY GRANTS Plaintiff's motion to conduct discovery. Nevertheless, the Court reminds Plaintiff that "such discovery must be narrowly tailored and cannot be a fishing expedition." *Groom v. Standard Ins. Co.*, 492 F. Supp. 2d 1202, 1205 (C.D. Cal. 2007).

3

The Court declines to examine Plaintiff's specific discovery requests. To the extent the parties are unable to resolve disputes regarding specific discovery requests, pursuant to Civil Local Rule 72-1, the Court HEREBY REFERS this matter to a randomly assigned magistrate judge for resolution of such discovery disputes and for resolution of all discovery matters.

The Case Management Conference scheduled for February 29, 2008 at 9:00 a.m. is HEREBY CONTINUED to February 29, 2008 at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: February 28, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

cc: Wings Hom