**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAUL MAZUR,

        Plaintiff(s),

  vs.

PACIFIC TELESIS GROUP
COMPREHENSIVE DISABILITY BENEFITS
PLAN, et al.,

        Defendant(s).
_____/

No. C 07-1904 JSW (MEJ)

**ORDER RE: CONFLICT OF INTEREST DISCOVERY**

On February 28, 2008, the Honorable Jeffrey S. White granted Plaintiff Paul Mazur's motion to conduct discovery regarding an alleged conflict of interest. (Dkt. #50.) Plaintiff argued the conflict existed because defendant AT&T Umbrella Benefit Plan No. 1 acted as both the funding source and the administrator of the ERISA plan at issue in this case. The Court found it appropriate for Plaintiff to conduct "discovery into the existence and scope of the conflict, as well as discovery regarding the nature, extent, and effect of the conflict on the decision making process," but reminded Plaintiff that "such discovery must be narrowly tailored and cannot be a fishing expedition." (Dkt. #50 at 3:22-27) (citations omitted). Judge White also referred any discovery disputes to a randomly assigned magistrate judge for resolution.

Now pending before the Court are the parties' joint discovery dispute letters, filed August 5, 2008, which concern Plaintiff's requests for production of documents and interrogatories under

Judge White's Order. (Dkt. ##64-70.) Upon review of the parties' letters, the Court ORDERS as follows:

1. <u>Request for Production No. 1</u> - Defendant shall respond to the request as written, but limited to the time period between January 1, 2005 and January 1, 2008.

2. <u>Request for Production No. 3</u> - Defendant shall respond to the request as written, but limited to the time period between January 1, 2005 and January 1, 2008.

3. <u>Request for Production No. 4</u> - the Court finds that this request is not relevant under the scope of Judge White's Order; therefore, Defendant need not respond.

4. <u>Request for Production No. 5</u> - the Court finds that this request is not relevant under the scope of Judge White's Order; therefore, Defendant need not respond.

5. <u>Request for Production No. 9</u> - Defendant shall respond to the request as written, but limited to the time period between January 1, 2005 and January 1, 2008. Defendant shall redact all personal and/or identifying information.

6. <u>Request for Production No. 10</u> - the Court finds that this request is not relevant under the scope of Judge White's Order; therefore, Defendant need not respond.

7. <u>Request for Production No. 14</u> - Defendant shall respond to the request as written.

8. <u>Request for Production No. 18</u> - Defendant shall respond to the request as written, but shall redact all personal and/or identifying information.

9. <u>Request for Production No. 19</u> - Defendant shall respond to the request as written, but limited to the time period between January 1, 2005 and January 1, 2008. Defendant shall redact all personal and/or identifying information.

10. <u>Request for Production No. 30</u> - Defendant shall serve a declaration attesting that there are no such contracts, and that there are no documents in its possession, custody, or control that relate to Plaintiff's request.

11. <u>Request for Production No. 31</u> - Defendant shall serve a declaration attesting that there are no such payment records, and that there are no documents in its possession, custody, or control that relate to Plaintiff's request.

12. <u>Request for Production No. 32</u> - Defendant shall serve a declaration attesting that there are no such contracts, and that there are no documents in its possession, custody, or control that relate to Plaintiff's request.  Defendant's declaration shall include contracts between SBC, **or others on its behalf**, and Dr. Philip Marion.

13. <u>Request for Production No. 33</u> - Defendant shall serve a declaration attesting that there are no such payment records, and that there are no documents in its possession, custody, or control that relate to Plaintiff's request.  Defendant's declaration shall include payments "made by or on behalf of SBC to Dr. Philip Marion."

14. <u>Request for Production No. 34</u> - the Court finds that this request is not relevant under the scope of Judge White's Order as it addresses the merits of Plaintiff's claim; therefore, Defendant need not respond.

15. <u>Request for Production No. 35</u> - the Court finds that this request is not relevant under the scope of Judge White's Order as it addresses the merits of Plaintiff's claim; therefore, Defendant need not respond.

16. <u>Request for Production No. 36</u> - Defendant shall respond to the request as written, but limited to the time period between January 1, 2005 and January 1, 2008.  Defendant shall redact all personal and/or identifying information, as well as any portion of the reviews that do not relate to the handling of disability claims.

17. <u>Request for Production No. 37</u> - Defendant shall respond to the request as written, but limited to the time period between January 1, 2005 and January 1, 2008.  Defendant shall redact all personal and/or identifying information, as well as any portion of the reviews that do not relate to the handling of disability claims.

18. <u>Interrogatory No. 1</u> - Defendant shall respond to the request as written, but limited to the time period between January 1, 2005 and January 1, 2008.

19. <u>Interrogatory No. 2</u> - Defendant shall respond to the request as written, but limited to the time period between January 1, 2005 and January 1, 2008.

20. <u>Interrogatory No. 3</u> - Defendant shall respond to the request as written (including disability

claims premised in part on back pain), but limited to the time period between January 1, 2005 and January 1, 2008.

**IT IS SO ORDERED.**

Dated: September 22, 2008



MARIA-ELENA JAMES
United States Magistrate Judge

4