MICHELE B. MILLER (SBN 104198)
mbm@millerlawgroup.com
LISA C. HAMASKI (SBN 197628)
lch@millerlawgroup.com
KATHERINE L. KETTLER (SBN 231586)
klk@millerlawgroup.com
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendants
PACIFIC TELESIS GROUP
COMPREHENSIVE DISABILITY BENEFITS
PLAN, AT&T UMBRELLA BENEFIT PLAN NO. 1

MICHAEL S. HENDERSON (SBN 175608)
mhenderson@tealmontgomery.com
TEAL & MONTGOMERY
815 Fifth Street, Suite 200
Santa Rosa, California 95404
Telephone: (707) 525-1212
Facsimile: (707) 544-1388

Attorneys for Plaintiff
PAUL MAZUR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MAZUR,<br><br>              Plaintiff,<br><br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY, a corporation, dba AT&T CALIFORNIA; and DOES 1 through 100, inclusive<br><br>              Defendants. | Case No.: C07-1904 JSW<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF CERTAIN DOCUMENTS**<br><br>Complaint filed:  April 4, 2007 |

**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF CERTAIN DOCUMENTS**
**Case No.: C07-1904 JSW**

# STATEMENT OF REASONS FOR PROTECTIVE ORDER

The discovery, pre-trial and trial phases of this action will involve the disclosure of information that is proprietary, sensitive, implicates the privacy rights of individuals other than Plaintiff PAUL MAZUR ("Plaintiff"), and/or contains trade secrets and other confidential and proprietary business information about Defendants AT&T Umbrella Benefit Plan No. 1 ("Umbrella Plan") and Pacific Telesis Group Comprehensive Disability Benefits Plan ("PTG Plan") (jointly "Defendants"). Accordingly, the Plaintiff and Defendants (collectively the "parties") – hereby stipulate that certain information and documents may be released in discovery subject to an agreement as to how such information may be handled during the course of this litigation and disclosed to others.

# STIPULATION

IT IS HEREBY STIPULATED AND AGREED as follows by and between the parties hereto through their undersigned counsel:

The following definitions and provisions shall apply to and govern this Stipulation and Protective Order:

1. Documents and other discovery information that will be produced by the parties pursuant to this Stipulated Protective Order ("Order" or "Protective Order") may be claimed by the parties to be of a private, confidential or proprietary nature. The purpose of this Order is to protect the confidentiality of these documents and information.

2. All documents and information produced in this case by the parties shall be protected from inappropriate disclosure in accordance with the following terms and conditions:

a. The parties may, in good faith, designate as "Confidential" documents and other information, including but not limited to:

(1) Documents and/or information reflecting private or confidential data about specific employees and/or former employees of Defendants, including, but not limited to, documents and/or information contained in personnel files, medical files, payroll files, investigation files, or in any other files or records (hereinafter referred to as "personnel information");

(2) Documents and/or information concerning aspects of Defendants' business not known to the general public, including, but not limited to, documents and/or information concerning its policies, practices and/or procedures or other internal operational matters, documents and/or information concerning Defendants' finances except as generally available to the public, and/or any other similar information concerning Defendants' business;

(3) Documents and/or information that any of the parties believe to constitute or contain trade secrets, proprietary information, confidential research, development, testing, or commercial information, or other similar information that warrants confidential treatment;

(4) Business, marketing, testing, research or strategic plans relating to any materials, products, goods and/or services.

b. All documents and other discovery information produced or disclosed by a party and designated "Confidential" shall be used solely for the purpose of "this action." "This action" specifically refers to the civil action styled ***PAUL MAZUR v. Pacific Telesis Group Comprehensive Disability Benefits Plan, AT&T Umbrella Benefit Plan No. 1, and DOES 1 through 50, inclusive***, filed in the United States District Court, Northern District of California, Case No. C07-1904 JSW.

c. Except in accordance with the terms of this Order or by further order of the Court, the "Receiving Party" (as defined in Paragraph 2(e) below) of any documents or information designated as "Confidential," shall not disclose or otherwise make available such "Confidential" information to persons other than "Qualified Persons" as defined in Paragraph 2(f).

d. "Producing Party" shall mean the party producing and designating the documents and/or information as "Confidential."

e. "Receiving Party" shall mean the party receiving the documents and/or information designated "Confidential."

f. "Qualified Person" means:
   (1) A party to this action, an officer, director, employee or partner of a party or in-house counsel having direct responsibility for, working directly on, or testifying in connection with this action;

   (2) Counsel of record for the parties and the legal assistants and regularly-employed office staff of the counsel of record for the parties;

(3) Persons hired by a party or its attorneys of record to provide document services such as copying, imaging, and indexing of documents, to the extent reasonably necessary and who have executed a declaration in the form attached hereto as Exhibit A;

(4) Persons retained by a party or its attorneys of record to assist in this action, such as independent accountants, expert witnesses, statisticians, economists, consultants, or other technical experts and/or consultants, who have executed a declaration in the form attached hereto as Exhibit A, which signed acknowledgement shall be retained by such party or its attorneys;

(5) Court officials involved in this action, including the Court and its staff, court reporters, persons operating video recording equipment at depositions, and any Special Master appointed by the Court;

(6) Actual or potential witnesses in this action who are assisting counsel in its prosecution or defense or whom counsel must advise concerning the status of this action who have executed a declaration in the form attached hereto as Exhibit A; however, execution of a written declaration is unnecessary if the witness is shown only "Confidential" documents and materials at a deposition after expressing on the record his or her consent to be bound by this Order; and

(7) Any other person designated by the Court in the interest of justice, upon such terms as the Court deems proper.

g. Unless prior written consent for further disclosure has been obtained from counsel for the parties or permission for such disclosure has been given by the Court, each "Qualified Person" with the exception of those identified in Paragraphs 2(f)(1), (2), (5) and the latter part of (6) above, to whom delivery, exhibition or disclosure of any materials designated as "Confidential" is made, shall be provided with a copy of this Order, and shall execute a declaration in the form attached hereto as Exhibit A.

h. "Confidential" documents and other information shall include all originals and copies of any document and/or information that any party has designated as such by stamping or otherwise marking each page "CONFIDENTIAL." In lieu of marking the original, if the original is not produced, the designating party may mark the copies that are produced to exchange. "Confidential" information also includes any portion of such "Confidential" documents, including any quotation from such documents, paraphrasing of such documents, and/or any other description which conveys the "Confidential" information contained therein. Notwithstanding the foregoing, documents or other information produced and not so designated through mistake, inadvertence, or for any other reason shall likewise be deemed "Confidential."

i. It is not necessary to challenge the propriety of a "Confidential" information designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such a designation.

(a) In the event that a party objects at any stage of this litigation to the propriety of a designation by a party of any information as "Confidential" information, the parties shall first try to resolve

5
**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF CERTAIN DOCUMENTS**
**Case No.: C07-1904 JSW**

such dispute in good faith on an informal basis. The party disputing confidentiality shall notify the party claiming confidentiality of its objections to that designation. The producing party shall then have five days to respond to said objections. If the parties are still unable to resolve the dispute, the matter shall be submitted to the Court.

(b) During the pendency of this process, the item in dispute shall be considered "Confidential" Information and shall be covered by the terms of this Order until such dispute is resolved by the parties or the Court in accordance with the terms of this paragraph.

j. "Confidential" information shall not be disclosed or made available by the "Receiving Party" to persons other than "Qualified Persons" without further order of the Court except as otherwise provided in this paragraph. Disclosure of any "Confidential" information to any "Qualified Person" shall not constitute a waiver of the confidential status of such "Confidential" information. Before disclosing any information designated "Confidential" to anyone other than "Qualified Persons," the "Receiving Party" must serve prior notice of the identity of that person and the information to be disclosed on the "Producing Party," as provided by this Order.

k. Where notice is required prior to disclosure of "Confidential" information (as described in the preceding paragraph), the disclosing party shall provide at least three (3) days' advance notice, in addition to statutory notice requirements, to allow objection by the "Producing Party." If objection is made, the parties shall meet and confer, and if unable to

resolve the dispute, the "Producing Party" may submit the dispute to the Court for resolution. When an objection is made, no disclosure is permitted until the dispute is resolved or by the Court's order.

l.  All transcripts, depositions, exhibits, answers to interrogatories, and other documents and things filed with the Court, which contain "Confidential" information as defined above, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed and lodged with the Court pursuant to the rules set forth in Civil L.R. 79-5, absent the parties' mutual agreement that it would be unnecessary to file under seal certain documents designated as "Confidential."

m.  If any party objects to disclosure of "Confidential" information to be made during the course of the trial of this matter, that party shall make a good faith effort to resolve the issue by meeting and conferring on the terms of disclosure, and if the parties are unable to agree, the matter shall be submitted to the Court for resolution.

n.  Nothing in this Order, nor any action taken in compliance with it, shall:

(1) Operate as an admission by the parties that any particular document, discovery material, deposition transcript, or discovery response is or is not confidential; or

(2) Prejudice in any way the right of any party to seek a determination by the Court whether any particular document or other information should or should not be disclosed, or if

1 disclosed, whether it should remain subject to the terms of this
2 Order.

4 o. Nothing in this Order shall be deemed to impair the parties' right to
5 object to the production of documents or information on any ground,
6 including but not limited to an objection that the documents or
7 information sought are privileged or otherwise protected from
8 disclosure, or to demand more stringent restrictions for the treatment or
9 disclosure of any documents or discovery information on any ground.

11 p. Upon final termination of this action, ***PAUL MAZUR v. Pacific Telesis Group Comprehensive Disability Benefits Plan, AT&T Umbrella Benefit Plan No. 1, and DOES 1 through 50, inclusive***, filed in the United States District Court, Northern District of California, Case No. C07-1904 JSW, by closure or otherwise, originals and copies of all materials and documents, in whatever form, constituting or including "Confidential" information shall be returned to the "Producing Party" upon notice and request of the "Producing Party." Alternatively, at the time of such final termination of this action, the parties may agree to destruction of such "Confidential" information.

22 q. The undersigned counsel shall have the duty to use reasonable care and precautions to ensure that any person under their control or the control of their client who is designated as a "Qualified Person" observes the terms of this Order.

27 r. The restrictions set forth in any of the preceding paragraphs shall not
28 apply to information that: (a) was, is, or becomes public knowledge in a

manner not in violation of this Order; (b) was or is acquired in good faith from a third party not a party to this litigation, having the right to disclose such information; or (c) was or is discovered independently by the "Receiving Party."

s. Sanctions may be imposed on any individual granted access to "Confidential" information under this Order who uses such "Confidential" information for any purpose other than in connection with this action or in any manner which otherwise violates the terms of this Order.

t. "Confidential" information that is proprietary in nature, or information, the disclosure of which could subject the "Producing Party" to a potential loss of business advantage shall not be disclosed to any person or entity that is in business competition with the "Producing Party" except by the Court's order, including those persons who meet the definition of a "Qualified Person."

u. All parties who subsequently appear in this case will be subject to this Order.

v. After the termination of this action, the Court shall retain jurisdiction to issue any further orders to enforce the Order and preserve the confidentiality of all "Confidential" information. Termination of the proceedings herein shall not relieve any person from the obligations of this Order, unless the Court orders otherwise.

w. This Order may be executed in counterparts and as executed, shall constitute one Order binding on all the parties hereto, even if all the parties are not signatories to the original or the same counterparts.

x.

**IT IS SO STIPULATED.**

Dated:  October 22, 2008         MILLER LAW GROUP
                                 A Professional Corporation


                                 By:     /S/
                                     Katherine L. Kettler
                                     Attorneys for Defendant s
                                     AT&T Umbrella Benefit Plan No. 1 and
                                     Pacific Telesis Group Comprehensive
                                     Disability Benefits Plan


Dated:  October 22, 2008         TEAL & MONTGOMERY

                                 By:     /S/
                                     Michael S. Henderson
                                     Attorneys for Plaintiff PAUL MAZUR

## PROTECTIVE ORDER

**IT IS SO ORDERED.**

Dated: October 22, 2008

_____
Jeffrey S. White
UNITED STATES DISTRICT JUDGE

# EXHIBIT A
# ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT
# REGARDING DISCOVERY OF CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that he/she has read the Protective Order regarding confidentiality entered in this civil action entitled ***PAUL MAZUR, an individual, v. PACIFIC BELL TELEPHONE COMPANY, a corporation, dba AT&T CALIFORNIA; and DOES 1 through 100, inclusive***, filed in the United States District Court, Northern District of California, Case No. C 07-1904 JSW, on _____, 2008, that he/she understands the terms thereof, that he/she has been designated by _____ as a "Qualified Person" thereunder, and that he/she individually and on behalf of _____, and on behalf of the party who designated him/her as a "Qualified Person", agrees to be bound by such Protective Order, and that he/she acknowledges the jurisdiction of the Court and agrees to be bound by the jurisdiction of the Court.

DATED: _____, 200____.

_____
(signature)

_____
(print name)